ATTORNEY GENERAL OF MISSOURI
CATHERINE L. HANAWAY

September 8, 2026

**VIA CM/ECF**

Ms. Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Federal Courthouse
111 South 10th Street
St. Louis, MO 63102

RE: *Paul v. Brattin*, No. 25-3112, *Paul v. Hoskins*, No. 25-3113;
Response to Appellee's Rule 28(j) Letter, Filed September 1, 2026

Dear Ms. Bindler:

Last week, Appellee Reba Paul submitted a Rule 28(j) letter citing the Ninth Circuit's decision in *California v. Meta Platforms, Inc.*, No. 24-7032 (9th Cir. Aug. 10, 2026). The Ninth Circuit's reasoning in *Meta* is unpersuasive. The text of Section 230(e)(3) provides: "No cause of action may be brought *and* no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3) (emphasis added). The Ninth Circuit waived away this language as "intentional redundancy." Slip op. at 22.

The Ninth Circuit's approach is wrong for two reasons. First, reading "[n]o cause of action may be brought" to simply mean that "no liability may be imposed" is an unnatural construction of the text. 47 U.S.C. § 230(e)(3). Second, it makes little sense for Congress to have intended two parts of a single sentence to have the same meaning. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001))); *Haroun v. U.S. Dep't of Homeland Sec.*, 929 F.3d 1007, 1010 (8th Cir. 2019) (same). The Ninth Circuit overlooked this canon and rendered Section 230(e)(3) superfluous by construing the statute as an "intentional redundancy." Slip op. at 22.

Tellingly, the Ninth Circuit did not attempt to ground its interpretation in the text. *Id.* at 21–23. It merely speculated about what Congress "may" have intended when it *added* the phrase "[n]o cause of action may be brought" during the legislative process. *Id.* at 22. *Meta* is therefore unpersuasive, and this Court should reject its reasoning.

Respectfully submitted,

*<u>/s/ Louis J. Capozzi, III</u>*
Louis J. Capozzi, III #25-0356
*Solicitor General*
815 Olive Street, Ste. #200
St. Louis, Missouri 63101
Tel. (573) 645-9662
Louis.Capozzi@ago.mo.gov

*Counsel for Appellants*



Appellate Case: 25-3113 Page: 2 Date Filed: 09/08/2026 Entry ID: 5680834

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, the above was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which serve all counsel of record.

/s/ *Louis J. Capozzi*



Appellate Case: 25-3113 Page: 3 Date Filed: 09/08/2026 Entry ID: 5680834

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the body of this letter contains less than 350 words as determined by the word-count feature of Microsoft Word.

/s/ *Louis J. Capozzi*